## LEE PENA v. STATE.

No. A-9193.   Feb. 12, 1937.
(65 Pac. [2d] 210.)

John W. Tyree, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error was by information charged with the crime of murder, in the killing of George Laurenzana; was tried, convicted of manslaughter in the first degree, and sentenced to serve a term of 18 years in the state penitentiary, and appeals. The petition in error, with case-made attached, was filed in this court on August 26, 1936.

The facts in substance are that on the night of August 3, 1935, the defendant and his wife, the deceased, and other acquaintances, attended a dance in the neighborhood where several Mexican families lived; some feeling came up between the deceased and defendant that night, but so far as the record shows it was not very serious.   The next morning the defendant in this case and a man by the name of Adams drove back to the Mexican neighborhood, stopped the car, and started walking down to the house where the deceased was; the deceased saw them coming and stepped out of the door and walked toward the de-

fendant and Adams; the defendant drew a pistol and fired three shots; from the effect of the shots the deceased instantly died.

The only defense presented by the plaintiff in error is that the deceased, when he came out of the house walking toward him, had his hand to his side, which led him to believe the deceased was going to draw a weapon of some kind and take his life. Neither of the witnesses saw the deceased with a weapon, or saw him make any effort to do injury to the plaintiff in error. The plaintiff in error after firing the shots started walking away, and then hurried up into a trot until he got back to the car in which he and Adams had driven to the scene of the killing, and immediately drove away. No words passed between the deceased and the defendant immediately prior to and at the time of the shooting.

The defendant has assigned five errors alleged to have been committed by the trial court.

"1. The verdict is contrary to the law and the evidence.

"2. The court erred in admitting incompetent and prejudicial evidence.

"3. The court erred in excluding material and competent evidence.

"4. Judgment and sentence of the court is excessive under the testimony in the case.

"5. There are other errors of law committed during the trial of the cause."

There being no argument of the defendant presented in support of the assignment of errors, the court has examined the record carefully to ascertain whether or not there is any fundamental or prejudicial error which de-

prived the plaintiff in error of a fair and impartial trial. After a careful examination of the record and considering the testimony of the state, we fail to find any error in the record sufficient to deprive the plaintiff in error, the defendant in the trial court, of his rights under the Constitution and the laws of this state.

The action of the defendant in taking the life of the deceased clearly shows he had armed himself with a pistol and sought out the deceased, and immediately when deceased came out of the house and came toward defendant he began shooting and kept on until the deceased had fallen.

The defendant was fortunate in not receiving a more severe sentence. We hold there is nothing in the record that would warrant this court in modifying the sentence imposed by the trial court. The plaintiff in error was accorded a fair and impartial trial. There are no errors in the record warranting a reversal. The court correctly advised the jury as to the law applicable to the facts.

The judgment is affirmed.

DOYLE and BAREFOOT, JJ., concur.